UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARLA GOTTSCHALK,

        Plaintiff,

    v.

CITY AND COUNTY OF SAN
FRANCISCO, *et al.*,

        Defendants.

_____/

No. C-12-4531 EMC

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS; AND
DENYING PLAINTIFF'S MOTIONS
FOR DEFAULT JUDGMENT AND FOR
SANCTIONS**

**(Docket Nos. 57, 63, 65, 67, 72, 100)**

## I.   INTRODUCTION

Plaintiff in this matter brings suit against a variety of defendants alleging various causes of action that appear to largely stem from her unsuccessful application for employment with the San Francisco Human Rights Commission.  This Court previously granted Defendant City and County of San Francisco's motion to dismiss Plaintiff's first amended complaint for failure to conform to the requirements of Rule 8(a).  The Court gave Plaintiff leave to amend, but dismissed certain claims with prejudice for failure to state a claim.  Plaintiff filed a second amended complaint on March 8, 2013.  Currently pending before the Court are (1) Plaintiff's motion for default judgment as to certain Defendants, Docket No. 57; (2) a motion by certain individual Defendants to dismiss for insufficient service of process, Docket No. 63; (3) the Federal Defendants' motion to dismiss, Docket No. 65; (4) Defendant City and County of San Francisco's motion to strike and motion to dismiss, Docket No. 67; and (5) Plaintiff's motion for Rule 11 sanctions, Docket No. 72.  Having considered the papers submitted, the Court finds this matter suitable for disposition without oral argument and hereby rules as follows.

**United States District Court**
For the Northern District of California

## II.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, an attorney who is bringing this case pro se, filed the original complaint in this matter on August 29, 2012, alleging various causes of action against a number of defendants in connection with her unsuccessful application for employment with the San Francisco Human Rights Commission ("SFHRC") and her subsequent unsuccessful attempts to challenge SFHRC's failure to hire her.  Docket No. 1.  After Defendant City and County of San Francisco ("CCSF") filed a motion to dismiss on September 28, 2012, Plaintiff filed an amended complaint on October 17, 2012. Docket No. 17.  On November 5, 2012, Defendant CCSF filed a renewed motion to dismiss, motion to strike, or in the alternative for a more definite statement.  Docket No. 25.

On February 12, 2013, this Court granted CCSF's motion, finding that Plaintiff's 100-page complaint was largely "incoherent, repetitive, and written in a stream of consciousness style," and that it was often difficult to discern Plaintiff's factual allegations or the legal basis for the claims she brought.  Docket No. 44.  The Court thus found that the complaint failed to satisfy Rule 8(a)'s requirement that a complaint provide a short and plain statement indicating the grounds for jurisdiction, a short and plain statement of the claim, and a demand for relief sought.  *Id.* at 6. Accordingly, the Court dismissed Plaintiff's claim with leave to amend, and further provided Plaintiff with the specific guidance for any amended complaint:

Additionally, the Court dismissed with prejudice:  (1) Plaintiff's claim for national origin discrimination; (2) Plaintiff's claim for violations of California's Unruh Act, for; (3) Plaintiff's claim for "vicarious liability"; (4) Plaintiff's claims for RICO violations as to Defendant CCSF and the individual CCSF Defendants to the degree that they are named in their official capacities; and (5) Plaintiff's claims under § 1981.  *Id.* at 10-15.

On March 8, 2013, Plaintiff filed a Second Amended Complaint ("SAC").  Docket No. 46. That complaint names the following Defendants:  the City and County of San Francisco, Gavin Newsom (former mayor of San Francisco), Edwin M. Lee (current mayor of San Francisco), Theresa Sparks (SFHRC Executive Director), Cecilia Chung (former SFHRC Commissioner), Melissa J. Cayabyab (Client Services Representative with CCSF's Department of Human Resources), Magaly Fernandez (Senior Specialist of EEO Programs with CCSF's Department of Human Resources),

United States District Court

For the Northern District of California

1  Micki Callahan[1] (CCSF Human Resources Director), Anita Sanchez (former Executive Officer of

2  CCSF Civil Service Commission), California Department of Fair Employment and Housing

3  ("DFEH"), Phyllis W. Cheng (Director of DFEH), Michael McGrath (Investigator for DFEH),

4  United States Equal Employment Opportunity Commission ("EEOC"), Chai Feldblum (EEOC

5  Commissioner), Michael Baldonado (EEOC District Director), and Does 1-100.[2]  The complaint

6  brings the following causes of action: (1) Age Discrimination; (2) Gender Expression and

7  Orientation Discrimination; (3) Sex Discrimination; (4) "Orientation"[3] Discrimination; (5) Religious

8  Discrimination; (6) Political Discrimination; (7) Reverse Discrimination; (8) Race Discrimination;

9  (9) Retaliation; (10) "California Department of Fair Employment and Housing – DFEH"; (11)

10  "United States Equal Employment Opportunity Commission – EEOC"; (12) Fraud & Deceit; (13)

11  "Hate Crime"; (14) Breach of Fiduciary Duty; (15) Tortious Racketeering; (16) Deprivation of Civil

12  Rights – § 1981; (17) Deprivation of Civil Rights – § 1983; and (18)  Deprivation of Civil Rights – §

13  1985(3).

14       The content of the second amended complaint, and the degree to which it reproduces the

15  shortcomings of Plaintiff's earlier complaints, is discussed in more detail in the discussion below.

16  As best as this Court can discern, however, the core of Plaintiff's complaint is as follows.  Plaintiff

17  was not selected for a contracts compliance officer position with the SFHRC in the summer of 2010.

18  SAC ¶¶ 15-25.  She alleges that during the application process, she contacted various of the

19  individual Defendants who are or were CCSF employees informing them of her status as a

20  heterosexual transsexual woman, and disclosing her age.  SAC ¶¶ 16-22.  Though she passed a

21  screening examination and was initially told that she was eligible for the position, she was denied

22  the job without an interview.  SAC ¶¶ 23-25.  She requested an explanation for why she was not

23

24       [1] Plaintiff identifies this Defendant as "Miki" Callahan, but it appears that the correct

25  spelling of Ms. Callahan's first name is "Micki."  Docket No. 63-1 (Declaration of Micki Callahan).

26       [2] Previous versions of the complaint also named the following Defendants:  Willie Brown,
    Jr., Christopher Kramer, Jen Lo, Elaine Lee, Linda Simon, Gloria Sheppard, Grace Tam.  As they

27  were not named in the second amended complaint, they have been terminated as Defendants in this
    matter.

28       [3] From context, this appears to be a claim for sexual orientation discrimination.

1  selected, but no explanation was ever provided.  SAC ¶ 25.  Plaintiff appears to also allege that she

2  applied for other positions with CCSF after the SFHRC application, but was also rejected.  SAC ¶¶

3  28, 30, 32-34.  It is not entirely clear whether she is bringing suit based on these subsequent failures

4  to hire, or just on her application to the SFHRC.

5        Plaintiff filed or attempted to file grievances regarding the SFHRC's failure to hire her with

6  various agencies, including the San Francisco Neighborhood Office, Defendant DFEH, and

7  Defendant EEOC.  SAC ¶¶ 26-27, 97-98.  She raises various allegations about improprieties in the

8  ways these agencies handled her complaint, though these allegations are often conclusory or difficult

9  to follow.  SAC ¶¶ 26-27, 29, 31, 35, 37, 93-98.

10        Plaintiff filed the currently pending motion for default judgment on April 15, 2013.  Docket

11  No. 57.  Thereafter, Defendants Callahan, Fernandez, Cayabyab, Chung, Lee, Sparks, and Sanchez

12  (the Individual CCSF Defendants) filed a motion to dismiss the claims against them for insufficient

13  service of process.  Docket No. 63.  Additional motions to dismiss were filed by the Federal

14  Defendants (EEOC, Feldblum, and Baldonado) and the CCSF Defendants (CCSF and the Individual

15  CCSF Defendants, in their official capacities) on May 15, 2013 and May 16, 2013, respectively.

16  Docket Nos. 65, 67.  Plaintiff thereafter filed a motion for Rule 11 Sanctions against the Federal and

17  CCSF Defendants on May 28, 2013.  Docket No. 72.

18        On July 9, 2013, this Court issued a notice indicating that it would rule on the above motions

19  on the papers, and vacating the previously set hearing.  Docket No. 96.  Without first seeking leave,

20  Plaintiff filed various supplemental materials on July 15, 2013, indicating that they are materials she

21  would have presented to the Court at the hearing.  Docket No. 98.  The CCSF Defendants

22  subsequently filed a motion requesting that Plaintiff's supplemental materials be struck as

23  improperly filed.  Docket No. 100.  Having reviewed Plaintiff's supplemental materials, this Court

24  concludes that nothing in this filing changes the Court's analysis on these motions.  The Court

25  therefore **DENIES** the CCSF Defendant's motion to strike the supplemental pleadings as moot.

26  ///

27  ///

28  ///

4

**United States District Court**
For the Northern District of California

### III.   DISCUSSION

A.   Failure to Comply with Rule 8(a)

Among other arguments, the CCSF Defendants'[4] motion to dismiss argues that Plaintiff's second amended complaint should be dismissed on the grounds that it fails to comply with Rule 8(a) and fails to comply with this Court's previous order dismissing the first amended complaint. Plaintiff filed no timely response to this motion, but filed a two page opposition one week late. Docket No. 82.  Her opposition briefly addresses CCSF's motion to strike, but does not seem to address CCSF's motion to dismiss in any meaningful way.[5]

As this Court noted in its previous order dismissing Plaintiff's claim for failure to comply with Rule 8(a), the Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980).  "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'"  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.2010)).  A complaint may not, however, be dismissed for violation of Rule 8 simply on the basis of excessive length if it is otherwise clear, organized, and intelligible. *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131-32 (9th Cir. 2008).  "[A] dismissal for

---

[4] This motion is brought by CCSF, and by the Individual CCSF Defendants (other than Newsom) in their official capacities only.  Docket No. 67 at 1 n.1.  For simplicity's sake the analysis in this motion refers to movants simply as CCSF or Defendant CCSF.

[5] Plaintiff's motion for Rule 11 sanctions, discussed further below, also raises a number of arguments that appear to go to the merits of CCSF's motion to dismiss.  Docket No. 72.  This brief, however, is poorly organized and rambling, making it difficult to determine what arguments Plaintiff is raising, and whether those arguments pertain to her motion for Rule 11 sanctions, CCSF's motion to dismiss, or the other pending motions.  Adding to the confusion, Plaintiff in a number of places references a report that seems to be related to her administrative grievance process with the city, but was not attached to her motion for sanctions.  Though she later filed this report as an attachment to her reply brief on the motion for sanctions, the significance of the cites to this report are often of unclear relevance.  Docket No. 91.  The Court incorporates and responds to the arguments raised in the motion for sanctions where some relevance to CCSF's motion to dismiss can be discerned.

**United States District Court**
For the Northern District of California

a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)).

Rule 8(a) is grounds for dismissal independent of Rule 12(b)(6), and dismissal on Rule 8(a) grounds does not require that the complaint be wholly without merit. *McHenry*, 84 F.3d at 1179. Failure to comply with Rule 8 may be grounds for dismissal with prejudice under Rule 41(b), though the court should first look to other "less drastic alternatives includ[ing] allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel*, 651 F.2d at 674. The court, however, need not exhaust all of these options before dismissing a case. *Id.*

Here, Plaintiff fails to meet the requirements of Rule 8, and also fails to comply with directions this Court provided for re-pleading in its February 12, 2013 order. Docket No. 44. In that order, the Court directed Plaintiff as follows:

> If Plaintiff chooses to file an amended complaint, this complaint shall comply with Rule 8(a)'s requirement of a "short and plain" statement of the claim and the facts showing that Plaintiff is entitled to relief. Plaintiff shall specifically identify the legal and factual basis for each cause of action. Further, she shall identify which causes of action are brought against which defendants, and provide a specific statement of how each named defendant is involved in the facts giving rise to that cause of action. For each claim, Plaintiff shall state the basis of waiver of governmental immunity which might otherwise apply. See Cal. Gov. Code §§ 815, 815.2. Additionally any claims based on allegations of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b).

*Id.* at 9. Plaintiff's SAC fails to comply with this order on a number of fronts. Further, as discussed further below, Plaintiff's failure to plead sufficient facts runs afoul not only of the requirements of Rule 8(a), but also of the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007).

1.    <u>Incomprehensibility</u>

Though Plaintiff's second amended complaint is less than half the length of her first amended complaint, and excludes some of the redundant or irrelevant material that had been

United States District Court

For the Northern District of California

previously included, it nonetheless remains rambling, confusing, and often unintelligible. Plaintiff's factual allegations are contained in choppy, grammatically irregular sentences that make it difficult to discern exactly what Plaintiff is trying to communicate.  *See, e.g.*, SAC ¶ 35, 106.  Further, the organization of her complaint is often confusing.  She includes no class allegations at the beginning of the complaint, but under her ninth cause of action for retaliation, she states that "[a]ll causes of action plead previously or henceforth that are not purely personal to Plaintiff but include denial of equality and/or civil rights to segments of society at large are requested be certified as class actions." SAC ¶ 91.  She does not identify which specific causes of action this request pertains to, nor does she define the putative class(es).  Plaintiff's tenth and eleventh causes of action are not actually legal theories, but are merely the names of two of the Defendants.  Though some of the more egregious extraneous material from the first amended complaint has been omitted, the complaint remains rambling, difficult to follow, and consists in large part of unsupported conclusory allegations.

The complaint also contains a number of allegations that seem to concern generalized political grievances or allegations of conspiracies without a clear connection to the specific facts giving rise to Plaintiff's claim.  *See, e.g.*, SAC ¶ 55 (alleging that a number of Defendants "have favored LGBT individuals over all others and act individually and together to harass Plaintiff, and heterosexuals, for sexual orientation that does not include homosexuality, fetishism, transvestism, pornography, prostitution, bondage and discipline, sado-masochism violence or other unlawful acts, according to California statutes, of the homosexual community"); *see also* ¶ 59 (alleging widespread discrimination against Christians with regards to unrelated CCSF policies), ¶ 104 (alleging conspiracy to conceal unrelated misdeeds of CCSF employees), ¶¶ 121-29 (alleging widespread conspiracy and corruption in San Francisco city government).

In addition to the general problems with comprehensibility presented by Plaintiff's complaint, her often incoherent allegations make it difficult or impossible to determine the allegations as to each specific Defendant, the legal basis for her claims, and the factual basis for her claims more generally.

United States District Court
For the Northern District of California

2.     Failure to Identify Specific Basis for Each Defendant's Liability

Plaintiff largely fails to clarify which claims are brought against which Defendants, and to articulate specific facts connecting each Defendant with the facts underlying the applicable claims. Her political discrimination claim, for example, alleges that "Defendants and each of them in their personal capacities and using official positions to further homosexual political issues and deny anyone equality who is not a supporter of LGBT politics."  SAC ¶ 63.  This claim contains no factual allegations pertaining to any particular Defendant.  SAC ¶¶ 62-65.  Plaintiff's "reverse discrimination"[6] claim similarly alleges that "Defendants and each of them as named herein have instituted and practice reverse discrimination in denying civil rights to anyone who does not support the LGBT [sic]," but brings no specific factual allegations pertaining to any individual Defendant. SAC ¶¶ 66-71.  *See also* SAC ¶¶ 51-53 (sex discrimination claim fails to allege specific actions of any particular Defendant), ¶¶ 58-61 (same, religious discrimination claim), ¶¶ 72-74 (same, race discrimination claim), ¶¶ 99-108 (same, fraud and deceit claim), ¶¶ 109-11 (same, hate crime claim), ¶¶ 112-14 (same, breach of fiduciary duty claim), ¶¶ 130-35 (same, § 1983 claim).  Further, Plaintiff fails to identify anywhere in her complaint the basis for any applicable waiver of governmental immunity with respect to her claims, as this Court's prior order required.

Plaintiff's allegations against the DFEH, EEOC, and the individual Defendants who work for those agencies are particularly conclusory, and almost entirely devoid of specific facts.  SEC ¶¶ 94-95.  She states that the DFEH and the individual Defendants who work for DFEH "failed in their statutory duties to independently investigate claims, including but not limited to, oversight, mandated collection of statistics and reports of compliance regarding the San Francisco Human Rights Commission and other Defendant City departments as they became involved in perpetuating discrimination against Plaintiff and all others similarly situated."  SAC ¶ 94.  Other than providing the date she had a telephone intake interview with the DFEH, Plaintiff offers no specific facts about her interactions with the DFEH Defendants to substantiate her allegations of wrongdoing to her.

---

[6] This claim appears to be merely a re-statement of Plaintiff's sexual orientation discrimination claim.

United States District Court

For the Northern District of California

1   SAC ¶¶ 27, 93-95.  The allegations regarding the EEOC Defendants are substantially identical to

2   those regarding DFEH.  SAC ¶¶ 97-98.

3          3.      Failure to Distinguish Legal Basis for Claims

4          Though Plaintiff identifies the legal basis for some of her claims, the basis for others is

5   unspecified or unclear.  A number of her causes of action fail to cite to any legal basis for the claim.

6   SAC at 14-15, 17-19.  For some of these, it is possible to discern an obvious legal basis, as with her

7   claims for sex, sexual orientation, and race discrimination.  SAC at 14-15, 19.  For others—such as

8   Plaintiff's claims for political discrimination, breach of fiduciary duty, and tortious racketeering—it

9   is not clear what legal theory she intends to assert.  SAC at 17, 29-30.  Two of Plaintiff's causes of

10  action are titled not with a legal theory but with the name of two of Defendants:  DFEH and the

11  EEOC.  SAC at 24-25.  For the EEOC claim, she offers only the conclusory allegation that the

12  EEOC Defendants "failed in their statutory duties," but fails to identify the provision of law that

13  permits her to bring suit for any such failures.  SAC at 25-26.

14         The legal basis for other claims is unclear because Plaintiff cites a number of legal theories

15  for the same claim.  For example, her first cause of action, titled "Employment Discrimination –

16  Age" cites not only to the Age Discrimination in Employment Act and California's Fair

17  Employment and Housing Act, but also to the Americans with Disabilities Act, the Rehabilitation

18  Act, the International Covenant on Civil and Political Rights, and an executive order regarding

19  compliance with various human rights-related treaties to which the United States is a party.  SAC at

20  8.  For the DFEH claim, Plaintiff alleges that the agency acted in a way that violated the Full Faith

21  and Credit Clause, and the First, Fifth, Ninth, and Fourteenth Amendments, though she provides no

22  explanation or factual elaboration indicating how it did so.  SAC at 25.

23         Additionally, the complaint fails to clearly distinguish between the various causes of action,

24  raising allegations of sexual orientation and gender identity discrimination under her age and race

25  discrimination causes of action.  SAC ¶¶ 41, 73-74.  Her race discrimination claim in particular

26  seems to be based entirely on allegations of sexual orientation discrimination, lacking even a

27  conclusory allegation that Plaintiff was not hired because of her race.  SAC ¶¶ 73-74 (alleging that

28  Defendants "have categorized homosexuals above heterosexuals of any race" and acted in ways that

9

United States District Court

For the Northern District of California

1    "deny[] equality of government services and opportunities, including hiring and contract awards, to

2    all citizens while fostering favoritism for homosexuals").

3          4.    Insufficient Factual Basis for Claims

4          Finally, and perhaps most importantly, Plaintiff fails to sufficiently allege the factual basis

5    for her claims.  This deficiency raises problems not only under Rule 8(a), but also under Rule

6    12(b)(6).  In considering motions to dismiss under Rule 12(b)(6), a court must take all allegations of

7    material fact as true and construe them in the light most favorable to the nonmoving party, although

8    "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6)

9    dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not

10   contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is

11   plausible on its face.'" *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content

12   that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

13   alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S.

14   544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

15   more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting

16   *Twombly*, 550 U.S. at 556).  A court may dismiss as frivolous, claims that are clearly baseless,

17   fanciful, fantastic, or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  In many places,

18   Plaintiff fails to plead any factual basis for her claims.  In others, the facts she pleads are conclusory,

19   of unclear relevance, or so bizarre as to be entirely implausible.

20         Though Plaintiff alleges that she was discriminated against based on her age, gender identity,

21   sex, sexual orientation, religion, political opinion, and race, the complaint contains minimal facts

22   indicating the basis for these claims.  While Plaintiff alleges that Defendants were aware of many of

23   her relevant characteristics, she offers little to no indication of why she believes that the SFHRC's

24   decision not to hire her was motivated by any of these factors.  SAC ¶¶ 15-37.  For example, with

25   regards to her religious discrimination claim, Plaintiff alleges that "Defendants knew that Plaintiff

26   was a monastic from her resume," and that "Defendants and each of them officially and personally

27   discriminate against Christians as shown in LGBT political rhetoric against Judeo-Christian precepts

28   and official acts of San Francisco censoring the rights of private Christian or Christian organizations

United States District Court

For the Northern District of California

1   to worship or engage in charitable activities including, but not limited to, limiting adoptions to

2   heterosexual households by private Christian charities, in violation of the First Amendment."  SAC

3   ¶¶ 59-60.  She offers no facts, however, indicating why she believes that Defendants discriminated

4   against her because of her religion; her complaint alleges only that Defendants were aware of her

5   religion, and that they generally discriminate against Christians.  SAC ¶ 59-61.  Even her basis for

6   alleging that Defendants generally discriminate does not include specific details about any particular

7   Defendant, and appears based on policies of Defendant CCSF that have nothing to do with this

8   employment discrimination claim, and that have a doubtful connection to the other Defendants.

9   SAC ¶ 59.

10         Though the allegations of sexual orientation and gender identity discrimination seem to be at

11  the heart of Plaintiff's allegations, Plaintiff fails to allege a clear factual basis even for these claims.

12  She repeatedly alleges that various Defendants were aware of the fact that she is a heterosexual

13  transsexual woman, *see* SAC ¶¶ 16-16, 18-19, 22, 49, but her allegations that Defendants

14  discriminated against her on this basis are for the most part either confusing, conclusory or both.

15  She offers no specific allegations of communications or interactions with any of the Defendants

16  during the hiring process that led her to believe that SFHRC's failure to hire her was based on her

17  sexual orientation or gender identity.  SAC ¶¶ 46-57.  Instead she offers only conclusory allegations

18  that "Defendants, and each of them, are personally biased in favor of LGBT individuals" to the

19  detriment of heterosexual transsexuals.  SAC ¶¶ 52, 55, 57.

20         In some locations, Plaintiff seems to allege that Defendants discriminated against her by

21  conflating gender identity and sexual orientation.  For example, she alleges that "Defendants

22  intentionally confuse gender and sex with orientation to deny Plaintiff and all women equal rights in

23  violation of" San Francisco municipal law.  SAC ¶ 52.  Elsewhere, Plaintiff alleges that Cayabyab,

24  Sparks, Fernandez, Sanchez, and Callahan discriminated against her by inaccurately stating her

25  sexual orientation as "transgender" and her gender identity as "female."  SAC ¶ 47.  Plaintiff does

26  not allege in what context these Defendants made such statements, though in her first amended

27  complaint she appeared to allege that Sanchez made the latter statement on a form in connection

28  with the hearing on the grievance Plaintiff filed after being denied the SFHRC position.  Docket No.

United States District Court

For the Northern District of California

17 at 26.  In any case, it is not clear why such a factual misstatement or conflation of sexual orientation with gender identity would necessarily constitute discrimination, or how it demonstrates there was a decision not to hire Plaintiff.

Plaintiff does allege a few specific facts that could arguably support a claim for gender identity discrimination elsewhere in her complaint, though they are related in a disjointed and confusing manner and appear to concern allegations of bias not in the initial hiring process, but in the San Francisco Department of Human Resources investigation of Plaintiff's grievance.  For example, she alleges that Fernandez, who works for the Department, referred to her as "he" in private emails at some unspecified point in time, and that Fernandez referred to her as "Mister" in a September 30, 2010 email.  SAC ¶¶ 78, 80.  Plaintiff also alleges that Cayabyab, Sparks, Fernandez, Callahan, "and others" retaliated against her for seeming "attacking" or "too aggressive."  SAC ¶ 77.  Although it is possible that she is alleging that she was discriminated against based on perceptions that she was not acting in a traditionally feminine way, Plaintiff makes no such connection.  Other allegations in this vein are even less clear, as when Plaintiff alleges that "Fernandez used a fabricated and nonsensical 'sexual transfer' as a category."  SAC ¶ 80.  Though these allegations are somewhat more specific than those elsewhere in Plaintiff's complaint, they are still confusing, and do not appear to relate to the SFHRC's decision not to hire Plaintiff.  As such, they do little to clarify the factual basis for her claims against the CCSF Defendants.  As with her other claims, Plaintiff's failure to clearly allege the factual basis for her sexual orientation and gender identity discrimination claims runs afoul of the requirements of both Rule 8(a) and Rule 12(b)(6), particularly in light of *Twombly* and *Iqbal*.

Given these serious deficiencies in the second amended complaint, and given Plaintiff's failure to comply with this Court's instructions for amending her complaint, this Court finds it appropriate to dismiss her complaint with prejudice for failure to comply with Rule 8(a) and for failure to state a claim under Rule 12(b)(6).  Plaintiff has twice amended her complaint, the second time with the benefit of explicit instructions from this Court about complying with Rule 8(a).  Though her second amended complaint is in some ways an improvement, it is still far from a clear, intelligible, "short and plain" statement of her claims.  She failed to follow even relatively

United States District Court

For the Northern District of California

straightforward instructions, such as specifying which claims were alleged against which Defendants.  Additionally, Plaintiff's briefing on the motions currently pending before the court was just as incomprehensible as her complaint, if not more so, casting doubt on her ability to submit an intelligible complaint if provided the opportunity to do so.  Further, as discussed below, a number of Plaintiff's claims must additionally be dismissed with prejudice because they are barred by sovereign immunity or fail to state a claim independent of the insufficiency of her factual allegations.  Allowing her leave to amend with respect to such claims would be futile.  In light of this, this Court concludes that allowing Plaintiff another opportunity to amend her complaint is unlikely to result in an intelligible complaint that meets the requirements of Rule 8(a), gives Defendants fair notice of the claims against them, and states one or more viable claims for relief.

Defendant CCSF's motion to dismiss the complaint for failure to comply with the requirements of Rule 8(a) is therefore **GRANTED**, and the complaint is dismissed with prejudice.

B.      Motions to Dismiss for Failure to State a Claim

In addition to requesting that Plaintiff's claim be dismissed for failure to comply with the requirements of Rule 8(a), CCSF Defendants also request that certain of Plaintiff's specific claims be dismissed with prejudice as they fail as a matter of law.  Docket No. 67.  Federal Defendants also move to dismiss Plaintiff's claims against them for failure to state a claim and because they are barred by sovereign immunity.  Docket No. 65.  Some claims, such as Plaintiff's claims for sexual orientation, gender identity, and age discrimination, fail because Plaintiff does not allege sufficient non-conclusory facts to establish that she has a claim, as discussed above.  In addition, however, this Court finds that even if it did not dismiss the complaint for failure to comply with Rule 8(a), many of Plaintiff's claims would be dismissed with prejudice because they fail to articulate a viable legal theory or because they are barred by sovereign immunity.

1.      Sovereign Immunity

A number of Plaintiff's claims must be dismissed as barred by sovereign immunity.  As noted above, Plaintiff did not comply with this Court's direction to specifically identify the grounds for any waiver of sovereign immunity that applies to her claims.  Federal Defendants argue that all

**United States District Court**
For the Northern District of California

of Plaintiff's claims against them are barred by sovereign immunity.[7]  Under the doctrine of sovereign immunity, the United States may not be sued without an express statutory waiver of immunity.  *United States v. Shaw*, 309 U.S. 495, 500–01 (1940).  Without such waiver, courts lack jurisdiction to hear the case, and it must be dismissed.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Any waiver of sovereign immunity must be strictly construed in favor of the United States. *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991).  Plaintiff fails to identify a basis for waiver.

a.    Employment Discrimination Claims

Federal Defendants argue that there is no waiver of sovereign immunity with respect to Plaintiff's employment discrimination claims because they are based on the EEOC's actions in investigating Plaintiff's complaint against Defendant CCSF.  Plaintiff does not allege that she was ever an EEOC employee or that she applied for employment with the EEOC.  While Plaintiff brings claims under various statutes providing a private right of action against a discriminatory employer, none of these provides for a cause of action against the EEOC for actions taken in the course of investigating a claim against a third-party employer.  *See* 42 U.S.C. § 2000e *et seq.* (Title VII); 29 U.S.C. § 621 *et seq.* (ADEA); 29 U.S.C. § 701 *et seq.* (Rehabilitation Act); 42 U.S.C. § 12117 (ADA).  The Ninth Circuit has recognized that Title VII does not create a private right of action against the EEOC for that agency's alleged misdeeds in investigating charges of discrimination. *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983).

Plaintiff identifies no other basis for the waiver of sovereign immunity against Federal Defendants with respect to these claims, and they must thus be dismissed with prejudice as to the Federal Defendants both for lack of subject matter jurisdiction and for failure to state a claim.

---

[7] Defendant CCSF argues that it is also immune to Plaintiff's non-statutory common law tort claims under California Government Code § 815, which states that "Except as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  On the other hand, section 815.2 of the Government Code provides that "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  Cal. Gov. Code 815.2(a).  Given the general deficiencies in the second amended complaint, however, it would not appear that CCSF is liable under § 815.2(a) because Plaintiff has failed to allege a viable theory of liability against any of CCSF's employees.

**United States District Court**
For the Northern District of California

b.   Tort Claims

Federal Defendants argue that there has also been no waiver of sovereign immunity as to Plaintiff's tort claims because she has not complied with the requirements of the Federal Tort Claims Act ("FTCA").  The FTCA provides for the abrogation of the sovereign immunity of the United States with respect to tort claims against the federal government.  28 U.S.C. § 2674.  The FTCA provides that the United States shall be liable in tort suits "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  It is the exclusive waiver of sovereign immunity for suits against the United States sounding in tort.  28 U.S.C. § 1346(b).  The United States is the only proper defendant in FTCA claims; agencies such as the EEOC cannot be named as defendants. 28 U.S.C. § 2679(a).  Thus, to the degree that Plaintiff has any claims against the federal government, the United States rather than the EEOC would be the proper defendant.

In addition to naming the wrong federal defendant, Plaintiff has failed to comply with the procedural requirements for filing suit under the FTCA.  The FTCA provides that a person may not file suit against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  Since the administrative claim requirements of the FTCA are "jurisdictional in nature ... [they] must be strictly adhered to."  *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992).  As Plaintiff has not alleged that she filed a claim with the EEOC prior to filing suit, she has not satisfied this requirement, and her tort claims against Federal Defendants must be dismissed for lack of subject matter jurisdiction.[8]

─────────────────

[8] The FTCA also has a statute of limitations providing that any claim must be presented in writing to the appropriate federal agency within two years of the accrual of the claim, and that any action must be commenced within six months of the agency's final denial of the written claim.  28 U.S.C. § 2401.  Federal Defendants argue that Plaintiff's claims should be dismissed on statute of limitations grounds, taking as the date Plaintiff's claims accrued the dates she was denied employment by Defendant CCSF.  Docket No. 65 at 13-14.  It would seem, however, that to the degree that Plaintiff has tort claims against the EEOC they should accrue at the time that she was aware that she had been injured by some actions of the EEOC, not the date she was injured by Defendant CCSF.  Since Plaintiff offers no concrete factual allegations about any misdeeds by the Federal Defendants, or the dates any such misdeeds occurred, it is not possible to say whether the statute of limitations has run on any claims against Federal Defendants.

United States District Court

For the Northern District of California

1    Additionally, two of Plaintiff's tort claims do not fall within the FTCA even had Plaintiff

2    complied with the appropriate procedural requirements.  The FTCA provides that certain types of

3    tort claims may not be maintained against the United States, including "[a]ny claim arising out of . . .

4    misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  Thus,

5    Plaintiff's fraud and deceit claim against Federal Defendants is barred by the FTCA.[9]  Additionally,

6    since the FTCA only provides that the United States will be liable "in the same manner and to the

7    same extent as a private individual under like circumstances," 28 U.S.C. § 2674, Plaintiff's claim for

8    "tortious racketeering," which has no legal basis in California law is thus barred.  *See F.D.I.C. v.*

9    *Meyer*, 510 U.S. 471, 478 (1994) (FTCA provides for liability for torts recognized by the law of the

10   state where the act or omission occurred).

11   Plaintiff's tort claims against Federal Defendants thus must be dismissed with prejudice for

12   lack of subject matter jurisdiction.

13         c.    Section 1981, 1983, and 1985 Claims

14   Federal Defendants argue that Plaintiff's Civil Rights Act Claims under 42 U.S.C. §§ 1981,

15   1983, and 1985 are barred by sovereign immunity.  The Ninth Circuit has recognized that neither §

16   1983 nor § 1985 waive sovereign immunity to allow suits against federal agencies.  *Jachetta v.*

17   *United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that

18   Congress intended to subject federal agencies to § 1983 and § 1985 liability.").  Though it does not

19   appear that the Ninth Circuit has explicitly extended this holding to claims under § 1981, other

20   circuits have held that sovereign immunity bars § 1981 claims as well.  *See Affiliated Prof'l Home*

21   *Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (plaintiff's §§ 1981, 1983, and

22   1985 claims against Secretary of Health and Human Services in her official capacity were barred by

23   sovereign immunity); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (finding that

24   the plaintiff could not bring § 1981 and § 1982 claims against federal defendants because "the

25   United States has not waived its immunity to suit under the provisions of the civil rights statutes").

26   ───────────────

27       [9] While Plaintiff points out certain exceptions to the rule that the United States is not liable
     for tort claims based on misrepresentation and deceit, none of them are applicable here.  Docket No.

28   72 at 8 (identifying exceptions for torts committed by law enforcement personnel and by the
     Consumer Product Safety Commission).

United States District Court
For the Northern District of California

1       Other courts, while not explicitly addressing sovereign immunity, have found § 1981 claims

2   inapplicable to federal actors because they are acting not "under color of *state* law," as the statute

3   states, but under color of federal law.  *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005);

4   *Davis-Warren Auctioneers, J.V. v. F.D.I.C.*, 215 F.3d 1159, 1161 (10th Cir. 2000) ("Because the

5   RTC was a government entity acting under color of federal, not state law, § 1981 by its terms is

6   inapplicable to this case.").  As the Ninth Circuit has used similar reasoning in rejecting § 1983

7   claims against federal government actors, it seems likely that it would follow other circuits in

8   finding § 1981 inapplicable to federal government actors.  *Morse v. N. Coast Opportunities, Inc.*,

9   118 F.3d 1338, 1343 (9th Cir. 1997).

10      As the United States has not waived its sovereign immunity with respect to claims brought

11  under §§ 1981, 1983, and 1985, these claims as brought against Federal Defendants must be

12  dismissed with prejudice.  The §§ 1981 and 1983 claims also fail on the merits, as by their very

13  terms, they apply to individuals acting "under color of state law" and not under color of federal

14  law.[10]

15          2.      Failure to Identify Viable Legal Theory

16      In addition to the claims discussed above that must be dismissed as barred by sovereign

17  immunity, a number of Plaintiff's claims must also be dismissed with prejudice because she fails to

18  identify a viable legal theory.  For example, she brings a claim for "tortious racketeering," although

19  there appears to be no such cause of action under California law.  As Defendant CCSF points out,

20  this claim appears to be Plaintiff's attempt to revive her RICO claims, which this Court previously

---

22      [10] Federal Defendants additionally offer a number of arguments as to why Plaintiff's claims
23  should be dismissed as to the individual Federal Defendants Feldblum and Baldonado in their
    individual capacities.  For example, to the degree that Plaintiff had a viable employment
24  discrimination claim against Federal Defendants (which the Court finds Plaintiff does not), the
    proper defendant for such a claim would not be any employee in their individual capacity, but the
25  head of the EEOC in her official capacity.  42 U.S.C. § 2000e-16(c); *see also Hackley v. Roudebush*,
    520 F.2d 108, 115 (D.C. Cir. 1975) ("The only proper defendant in a Title VII suit, however, is the
26  'head of the department, agency, or unit' in which the allegedly discriminatory acts transpired.");
    *Key v. Grayson*, 163 F. Supp. 2d 697, 704 (E.D. Mich. 2001) ("§ 2000e-16 allows for no remedy
27  against a defendant being sued in his individual capacity.").  Additionally, federal government
    employees have "absolute immunity from suit for common law torts committed within the scope of
    their employment."  *Arthur v. U.S. By & Through Veterans Admin.*, 45 F.3d 292, 295 (9th Cir.
28  1995).  Thus, to the degree that Plaintiff's tort claims against Feldblum and Baldonado are based on
    actions they took within the scope of their employment, they are immune to such claims.

**United States District Court**
For the Northern District of California

1   dismissed with prejudice as to Defendant CCSF and the individual CCSF Defendants in their official

2   capacities.  Docket No. 44 at 13-15.  As there is no legal basis for this claim, however, it must be

3   dismissed with prejudice.

4         Plaintiff additionally brings a claim for breach of fiduciary duty, though there is no

5   indication that any Defendant in this case had a fiduciary duty towards her.  *See City of Hope Nat.*

6   *Med. Ctr. v. Genentech, Inc*., 43 Cal. 4th 375, 386 (2008) ("Before a person can be charged with a

7   fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of

8   another, or must enter into a relationship which imposes that undertaking as a matter of law")

9   (internal alteration and quotation marks omitted).  Plaintiff does not allege that any of the

10  Defendants knowingly undertook a fiduciary duty towards her, nor does she cite to any authority

11  indicating that Defendants had a fiduciary duty as a matter of law.

12        Plaintiff also brings several claims that are clearly inapplicable to the factual scenario she

13  alleges.  For example, she alleges that each of the Defendants has perpetrated a hate crime against

14  her in violation of Cal. Civil Code §§ 51.7, 52, 52.1.  SAC ¶¶ 109-11.  In order to state a claim under

15  these sections, however, a plaintiff must allege that the defendant engaged in violence or threat of

16  violence.  *See* Cal. Civ. Code § 52.1(j) ("Speech alone is not sufficient to support an action brought

17  pursuant to subdivision (a) or (b), except upon a showing that the speech itself threatens violence

18  against a specific person or group of persons . . ."); *Corales v. Bennett*, 567 F.3d 554, 564, 570-71

19  (9th Cir. 2009) (rejecting students' claim against a school official under § 51.7 where he had

20  revoked their ability to participate in certain school activities and threatened to involve law

21  enforcement when they skipped school to attend a political protest, but did not "did not express any

22  intent to commit any act of unlawful violence or to inflict bodily harm upon the students"); *Clifford*

23  *v. Regents of Univ. of California*, 2:11-CV-02935-JAM, 2012 WL 1565702 (E.D. Cal. Apr. 30,

24  2012) (rejecting § 52.1 claim where "[p]laintiff has not alleged any acts of violence or threats of

25  violence by any University employees.  His contention that he was 'systematically harassed' is not

26  the equivalent of a violent act or threat of the same.").  In her Rule 11 motion, Plaintiff appears to

27  argue that she has stated a claim under these statutes because "[t]he violence is social denial and

28  economic coercion by demonstrated ability to boycott individuals within their own LGBT class for

United States District Court

For the Northern District of California

1  failure to adhere to all LGBT political and social demands," and because Defendants have

2  committed "[v]iolent character assassination . . . in calling Plaintiff unbalanced and unintelligible."

3  Docket No. 72 ¶ 60.  She cites no authority indicating that "economic coercion" or "character

4  assassination" may constitute violence or threats of violence within the meaning of either of these

5  statutes.[11]  Plaintiff thus fails to state a viable claim under Cal. Civil Code §§ 51.7, 52, 52.1.

6      Plaintiff's § 1981 claim also fails as it is based on an untenable interpretation of that statute.

7  Section 1981 provides for racial equality with respect to the right to make and enforce contracts.  42

8  U.S.C. § 1981.  In this Court's February 12, 2013 order, Plaintiff's § 1981 claim was dismissed with

9  prejudice as she had identified no contract that was the subject of interference.  The Court noted that

10  Plaintiff's employment discrimination claims could not form the basis for a § 1981 claim, as public

11  employment is a creature of statute, not of contract.  Docket No. 44 at 14-15.  Plaintiff's second

12  amended complaint, to the degree that it can be discerned, seems to allege that she has a viable §

13  1981 claim because she was not offered the job with the SFHRC because CCSF Defendants knew

14  that she would oppose CCSF's practices of discriminating in the award of city contracts.  SAC ¶

15  126.  The Supreme Court has recognized, however, that in order to maintain a § 1981 claim, a

16  plaintiff must allege impairment of a contractual relationship under which the plaintiff has rights.

17  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Absent the requirement that the

18  plaintiff himself must have rights under the contractual relationship, § 1981 would become a strange

19  remedial provision designed to fight racial animus in all of its noxious forms, but only if the animus

20  and the hurt it produced were somehow connected to *somebody's* contract.  We have never read the

21  statute in this unbounded – or rather, peculiarly bounded – way.") (emphasis in original).  Further, as

22  noted above, while Plaintiff does bring a claim for racial discrimination, her complaint alleges no

23  facts that would support a finding of racial discrimination.

24

25

26  _____

27  [11] In an unauthorized brief filed after this Court vacated the hearing date on these motions,
    Plaintiff referenced a *Buster v. Moore* decided in this District in 2005, indicating that its holding was
    in some way relevant to economic coercion.  Docket No. 98 at 2.  She provided no cite to this case,

28  and this Court could find no case so-titled in this District in 2005.

United States District Court

For the Northern District of California

1  The above claims, therefore, would be dismissed with prejudice even independent of this

2  Court's dismissal of the complaint for failure to comply with Rule 8(a) and 12(b)(6) for failure to

3  state a claim under *Twombly* and *Iqbal*.

4  As this Court is dismissing Plaintiff's complaint with prejudice, it need not reach the

5  individual CCSF Defendants' motion to dismiss for insufficient service of process, and therefore

6  **DENIES** that motion as moot.

7  C.    Plaintiff's Motion for Default Judgment

8  Plaintiff brings a motion for default judgment against the following Defendants: Edwin M.

9  Lee, Gavin Newsom, Theresa Sparks, Cecilia Chung, Melissa J. Cayabyab, Magaly Fernandez,

10  Micki Callahan, Anita Sanchez, DFEH, Michael McGrath, Phyllis W. Cheng, EEOC, Chai

11  Feldblum, and Michael Baldonado.[12]  Docket No. 57.

12  In reviewing a motion for default judgment, the Court must take as true all well-pled facts in

13  the complaint.  *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir.1992).

14  "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of

15  law."  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (internal citations and

16  quotation marks omitted).  Here, as discussed above, Plaintiff's complaint fails to offer sufficient

17  intelligible, non-conclusory factual allegations to support her claims.  For this reason alone,

18  Plaintiff's motion for default judgment must be denied.

19  Additionally, however, Plaintiff's motion fails because she failed to first secure entry of

20  default from the clerk's office, and because service on the Defendants against whom she brings this

21  motion was defective.  Courts have recognized that "[t]he entry of default judgment is a two-part

22  process; default judgment may be entered only upon the entry of default by the Clerk of the Court."

23  

24  [12] Confusingly, Plaintiff's original motion states that she seeks default judgment against these
Defendants in both their individual and official capacities, her reply indicates that the motion is only

25  as to these Defendants in their individual capacities.  *Compare* Docket No. 57 at 1 *with* Docket No.
70 at 3.

26  

27  Plaintiff's motion also requests default judgment against California Attorney General
Kamala Harris and U.S. Attorney General Eric Holder.  Docket No. 57.  Plaintiff later filed a

28  correction, however, noting that Harris and Holder were named in error, as they are not parties to
this action.  Docket No. 68.

1   *Brooks v. United States*, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1998) aff'd, 162 F.3d 1167 (9th Cir.

2   1998) (table).  Here, Plaintiff has twice requested entry of default with respect to various

3   Defendants, but her request was denied each time.  *See* Docket Nos. 6, 7, 8, 12, 23.

4           Plaintiff has made various attempts to serve the Defendants that are the subject of this

5   motion, but has failed to conform with the requirements of Rule 4, which sets out the acceptable

6   methods for effecting service on different types of parties, or the applicable provisions of state law.

7   Fed. R. Civ. P. 4(e)-(j).  Her attempts to serve the EEOC and DFEH failed to comply with the rules

8   for serving federal and state agencies.  While she served a copy of the complaint and summons on

9   the U.S. Attorney's office, she failed to additionally serve the EEOC directly, as is required by Rule

10  4(i)(1).  Docket Nos. 4, 49, 56.  Similarly, Plaintiff attempted to serve DFEH at the California

11  Attorney General's office, and through mailing the complaint and summons to various DFEH

12  offices, but failed to personally serve the director of DFEH, as is required by Rule 4(j)(2) and Cal.

13  Code Civ. Proc. § 416.50.  Docket Nos. 4, 49, 56.

14          Plaintiff has failed to serve any of the individual Defendants personally, or by leaving a copy

15  of the summons and complaint at any of their dwellings, as would be proper for service on

16  individual defendants under Rule 4(e).  Nor is there any indication that she has attempted to secure a

17  waiver of service from any Defendant.  *See* Fed. R. Civ. P. 4(d); Docket No. 61 (declarations from

18  Defendants Sparks, Chung, Cayabyab, Fernandez, Callahan, and Sanchez indicating that Plaintiff

19  has not requested that they waive service).  California law provides for personal service on similar

20  terms to Rule 4(e), but also permits substitute service if the person cannot with reasonable diligence

21  be personally served.  In such a case, the summons may then be served by:

22              leaving a copy of the summons and complaint at the person's dwelling
                house, usual place of abode, usual place of business, or usual mailing
23              address . . . in the presence of a competent member of the household
                or a person apparently in charge of his or her office, place of business,
24              or usual mailing address . . . at least 18 years of age, who shall be
                informed of the contents thereof, and by thereafter mailing a copy of
25              the summons and of the complaint by first-class mail, postage prepaid
                to the person to be served at the place where a copy of the summons
26              and complaint were left.

27  Cal. Code Civ. Proc. § 415.20(b).  California courts have recognized that "an individual may be

28  served by substitute service only after a good faith effort at personal service has first been made: the

burden is on the plaintiff to show that the summons and complaint cannot with reasonable diligence be personally delivered to the individual defendant." *Am. Exp. Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011) (internal citations and quotation marks omitted).

Here, Plaintiff's attempts to serve the individual CCSF Defendants largely involved leaving a copy of the summons and complaint at those Defendants' places of work with a person apparently in charge of the office. *See* Docket No. 49 (service on Lee, Sparks, Cayabyab, Fernandez, Callahan, and Sanchez). There is no indication, however, that she first made reasonably diligent efforts to effect personal service on these Defendants. Even if she had met this requirement, however, she still failed to properly effect substitute service, as she failed to follow up the delivery of the summons and complaint by mailing copies of the same to the address where her process server left them. *Id.* For other Defendants, Plaintiff did mail a copy of the summons and complaint to their usual place of work, but she did not first leave a copy of the summons and complaint at the office, as is required to properly effect substitute service.   Docket No. 49, 56 (attempted service on Baldonado, Cheng, McGrath, and Newsom). Further, for at least some of the Defendants, it appears that Plaintiff failed to properly identify the Defendant's usual place of business. Docket No. 61-1 ¶¶ 2, 4 (declaration of Chung); Docket No. 63-7 ¶¶ 2-4 (declaration of Sanchez).[13]

Plaintiff's reply on this motion is somewhat confusing, but she appears to argue that she did diligently attempt personal service on the CCSF Defendants because she requested and has not been given their home addresses from the San Francisco Civil Service Commission, the San Francisco Department of Human Resources, and the San Francisco Human Rights Commission. Docket No. 70 at 2. Even if this attempt were sufficient to show that she diligently attempted personal service on the CCSF Defendants, however, Plaintiff has still not complied with the requirements for effecting personal service under Cal. Code Civ. Proc. § 415.20(b), as discussed above.

---

[13] The only Defendant for whom Plaintiff arguably effected proper service is Chai Feldblum. After the U.S. Attorney's Office refused to accept service on Feldblum, Plaintiff mailed the summons and complaint to Feldblum at the Washington D.C. office of the EEOC. Docket No. 49 at 16. The proof of service contains a receipt number from the mailing; it is not entirely clear, however, whether the summons was sent via a method requiring a return receipt. *Id.* If the summons was sent via first class mail requiring return receipt, service would be proper under a state law provision applying to service on out of state defendants. Cal. Code Civ. Proc. § 415.40.

United States District Court

For the Northern District of California

There are additional reasons why default judgment is inappropriate against the Federal Defendants.  While a defendant ordinarily must serve a responsive pleading withing 21 days of being served with the summons and complaint, where the defendant is a United States agency, employee, or officer, that defendant has 60 days to file a responsive pleading after service on the U.S. Attorney's office.  Fed. R. Civ. P. 12(a)(2).  Here,  even if Plaintiff's attempts to serve Federal Defendants in early March 2013 had been proper, Plaintiff filed her motion for default judgment before Federal Defendants' time to respond had run.  Docket No. 49, 57.  Further,  Rule 55(d) provides that "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).  Plaintiff has offered no such evidence here.

For all of the above reasons, Plaintiff's motion for default judgment is **DENIED.**

D.     Plaintiff's Motion for Rule 11 Sanctions

Plaintiff brings a motion for Rule 11 sanctions against the Federal and CCSF Defendants. Docket No. 72.  Rule 11 provides that,

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)     it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)     the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Rule 11 permits the imposition of monetary and non-monetary sanctions on parties who violate its terms.  *See* Fed. R. Civ. P. 11(c)(4).  A court may, on its own, "order an

attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11." Fed. R. Civ. P. 11(c)(3). A party may also independently move for sanctions against another party for violating Rule 11 following the procedure outlined in subsection (c)(2). If "the court determines that [Rule 11] has been violated" after the party or attorney facing sanctions has had a reasonable opportunity to respond, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "Courts must apply an objective test in assessing whether the rule has been violated. A violation of the rule does not require subjective bad faith." *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir.1993) (citations omitted).

The basis for Plaintiff's motion is not particularly clear, and much of her motion appears focused on responding to the merits of the arguments raised in Federal and CCSF Defendants' motions to dismiss. Perplexingly, part of Plaintiff's motion seems devoted to arguing that *she* should not be subject to Rule 11 sanctions. *Id.* at 3-4. As best as can be discerned, Plaintiff appears to request Rule 11 sanctions based on: (1) CCSF's failure to disclose the home addresses of the individual CCSF Defendants or to waive service, *id.* at 1, 12; (2) Defendants' arguments that the complaint is vague, rambling, and incomprehensible, *id.* at 2, 15-16; and (3) the fact that a hearing on the grievance she filed with Defendant CCSF was set for the same date as a scheduled appearance in this action. *id.* at 14.[14]

These assertions do not state a basis for sanctionable conduct. CCSF is under no duty to provide addresses of individuals or waive service. Defendants' argument that the complaint is vague, rambling and incomprehensible has merit. There is no showing the coincidence in hearing date was in bad faith.

---

[14] Plaintiff also argues that Federal Defendants seek to dismiss her entire complaint, rather than just the claims asserted against them, and that this request merits sanctions under Rule 11. Docket No. 72 at 13. While Federal Defendants' motion does request the dismissal of Plaintiff's complaint, their arguments are specifically targeted towards dismissing the claims brought against them. Given the lack of clarity as to which claims Plaintiff brings against Federal Defendants, it is certainly possible that some of Federal Defendants' arguments are addressed at claims that Plaintiff did not intend to assert against them, but this would hardly be their fault. In any case, this does not rise to the level of sanctionable conduct under Rule 11.

**United States District Court**
For the Northern District of California

1    Even if any of these constituted sanctionable conduct under Rule 11, however, Plaintiff's

2 motion must still be denied because she has failed to comply with Rule 11's procedural

3 requirements.  Rule 11(c)(2) provides that:

> A motion for sanctions must be made separately from any other
> motion and must describe the specific conduct that allegedly violates
> Rule 11(b). The motion must be served under Rule 5, but it must not
> be filed or be presented to the court if the challenged paper, claim,
> defense, contention, or denial is withdrawn or appropriately corrected
> within 21 days after service or within another time the court sets.

8 Fed. R. Civ. P. 11(c)(2).  This subsection is often referred to as the Rule's "safe harbor provision."

9 "The requirements of the rule are straightforward:  The party seeking sanctions must serve the Rule

10 11 motion on the opposing party at least twenty-one days before filing the motion with the district

11 court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected

12 within twenty-one days after service of the motion."  *Brickwood Contractors, Inc. v. Datanet Eng'g,*

13 *Inc.*, 369 F.3d 385, 389 (4th Cir.2004) (citations omitted).  Thus, "[f]ailure to provide the required

14 notice precludes an award of Rule 11 sanctions."  *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556

15 F.3d 815, 826 (9th Cir. 2009); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("An award of

16 sanctions cannot be upheld" where the movant does not comply with the 21 day notice requirement).

17    In this case, Plaintiff failed to comply with Rule 11's safe harbor provision.  On May 23,

18 2013, Plaintiff emailed counsel for Defendant CCSF and Federal Defendants, indicating that she

19 intended to file a motion for Rule 11 sanctions.  Declaration of Amy Super (Super Decl.) ¶ 4, Ex. A

20 (Docket No. 87-1).  She attached two documents related to her civil service grievance hearing, but

21 she did not attach her Rule 11 motion.  Super Decl. ¶ 4, Ex. B-C.  Counsel responded the next day,

22 requesting a copy of the motion.  Super Decl. ¶ 5, Ex. D.  That same day, Plaintiff responded, stating

23 that she had complied with the requirement to notify counsel, and saying "if you would like a copy

24 [of the motion] emailed just ask."  Super Decl. ¶ 6, Ex. E.  She did not attach a copy of the motion.

25 *Id.*  On May 28, counsel again requested a copy of the motion.  Super Decl. ¶ 7, Ex. F.  Later that

26 same day, however, and before Plaintiff responded to this request, Plaintiff filed her motion for

27 sanctions with the court.  Docket No. 72.  The next day she emailed counsel and attached two

28 documents, neither of which Counsel was able to open.  Super Dec. ¶ 9, Ex. G.  There is no

indication in the record that counsel for Federal Defendants responded to Plaintiff's initial email. Even assuming that this initial email, which did not attach the motion, was sufficient notice under Rule 11(c)(2), Plaintiff still failed to comply with the notice requirements because she filed her motion a mere five days after notifying opposing counsel of her intention to file the motion.

As Plaintiff has failed to comply with the procedural requirements of Rule 11, her motion is **DENIED**.

### IV.   CONCLUSION

For the foregoing reasons, Defendant CCSF and Federal Defendant's motions to dismiss are **GRANTED**, and Plaintiff's complaint is **DISMISSED** with prejudice for failure to comply with Rule 8(a) and the order of this Court.[15]  The individual CCSF Defendant's motion to dismiss for failure to effect service is therefore **DENIED** as moot.  Plaintiff's motions for default judgment and for Rule 11 sanctions are **DENIED.**  The CCSF Defendant's motion to strike Plaintiff's supplemental filing is **DENIED** as moot.

This order disposes of Docket Nos. 57, 63, 65, 67, 72, and 100.  The Clerk shall enter judgment and close the case.


IT IS SO ORDERED.


Dated:  August 12, 2013


_____
EDWARD M. CHEN
United States District Judge

---

[15] The Court is mindful that pro se litigants must be afforded leeway in pleading their case. Whether Plaintiff, an attorney, should be afforded such leeway is doubtful.  In any event, the Court has afforded ample opportunity for Plaintiff to comply with the rules and this Court's prior order.

United States District Court
For the Northern District of California